UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHN R. DURSO, JOSEPH FONTANO,
NEIL GONZALVO, DEBRA BOLLBACH,
JON GREENFIELD, JOHN CATSIMATIDIS,
ANGELO AVENA, MORTON SLOAN and
JACOB DIMANT, M.D., as Trustees and
Fiduciaries of the LOCAL 338 RETIREMENT
FUND,

       and

JOHN R. DURSO, JOSEPH FONTANO,
DANIEL KATZ, and KEN THOMPSON, SR.,
as Trustees and Fiduciaries of the
LOCAL 338 ANNUITY FUND,

                                 Plaintiffs,

     - against -

KAMAL CORPORATION d/b/a TRADE FAIR
SUPERMARKETS, CORO FOOD CORP.
d/b/a TRADE FAIR SUPERMARKETS,
LOREEN FOOD CORP. d/b/a TRADE FAIR
SUPERMARKETS, NADINE FOOD CORP.
d/b/a TRADE FAIR SUPERMARKETS,
CRESCENT FOOD CORP. d/b/a TRADE FAIR
SUPERMARKETS, ZIAD FOOD CORP. d/b/a
TRADE FAIR SUPERMARKETS, 89-02 FOOD
CORP. d/b/a TRADE FAIR SUPERMARKETS,
and 130-10 FOOD CORP. d/b/a TRADE FAIR
SUPERMARKETS,

                                 Defendants.
-------------------------------------------------------------X

## COMPLAINT

The Trustees and Fiduciaries of the Local 338 Retirement Fund (the "Retirement Fund") and the Local 338 Annuity Fund (the "Annuity Fund") (the individuals named in the caption as trustees of the two benefit funds at issue shall be collectively referred to herein as the

1

"Trustees" or "Plaintiffs"; and the Retirement Fund and the Annuity Fund shall be collectively referred to herein as the "Funds"), by their attorneys, Friedman & Anspach, allege as follows:

## INTRODUCTION

1. In this action, Plaintiffs request that the Court order Defendants Kamal Corporation d/b/a Trade Fair Supermarkets, Coro Food Corp. d/b/a Trade Fair Supermarkets, Loreen Food Corp. d/b/a Trade Fair Supermarkets, Nadine Food Corp. d/b/a Trade Fair Supermarkets, Crescent Food Corp. d/b/a Trade Fair Supermarkets, Ziad Food Corp. d/b/a Trade Fair Supermarkets, 89-02 Food Corp. d/b/a Trade Fair Supermarkets, and 130-10 Food Corp. d/b/a Trade Fair Supermarkets (together, "Defendants") to submit to audit, make unpaid benefit fund contributions, and pay statutory damages, including interest, the greater of additional interest or liquidated damages, and reasonable attorneys' fees and costs.

2. In bringing this action, the Trustees are enforcing the terms of the Agreements and Declarations of Trust ("Trust Agreements") governing the Funds, as well as the collective bargaining agreement(s) (the "CBA") between Defendants and Local 338, RWDSU/UFCW ("Local 338" or the "Union") during the period from at least April 1, 2016 through October 31, 2019. This action is based on provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq. Specifically, Plaintiffs invoke Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), in that they seek to enforce terms of the pertinent Trust Agreements, and to address violations of Section 515 of ERISA, 29 U.S.C. § 1145.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is invoked pursuant to Sections 502(a)(3),

502(e)(1), 502(f) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f), and 1132(g)(2).

4. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Funds are administered in this District, a breach took place in this District, and Defendants may be found in this District.

## PARTIES

5. Plaintiffs are the Trustees and Fiduciaries of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Plaintiffs comprise the Boards of Trustees of the Funds and are the "plan sponsor" within the meaning of ERISA § 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii).

6. The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), with their principal office located at 1505 Kellum Place, Mineola, New York, within the County of Nassau, New York. The Funds were established pursuant to the terms of collective bargaining agreements between Local 338 and various employers who are required to make contributions to the Funds on behalf of their employees covered by the collective bargaining agreements.

7. The Funds are maintained for the purpose of collecting and receiving contributions and providing pension and annuity benefits to eligible participants and their dependents pursuant to and in accordance with their respective Trust Agreements.

8. Upon information and belief, Defendant Kamal Corp. d/b/a Trade Fair Supermarkets is a New York corporation that maintains and/or maintained its principal place of business at 30-12 30th Avenue, Astoria, New York 11102, operating a supermarket at 30-08 30th

Avenue, Astoria, New York 11102, and has employed at least one employee covered by a collective bargaining agreement with Local 338.

9. Upon information and belief, Defendant Coro Food Corp. d/b/a Trade Fair Supermarkets is a New York corporation that maintains and/or maintained its principal place of business at 30-12 30th Avenue, Astoria, New York 11102, operating a supermarket at 49-11 30th Avenue, Woodside, New York 11377, and has employed at least one employee covered by a collective bargaining agreement with Local 338.

10. Upon information and belief, Defendant Loreen Food Corp. d/b/a Trade Fair Supermarkets is a New York corporation that maintains and/or maintained its principal place of business at 30-12 30th Avenue, Astoria, New York 11102, operating a supermarket at 37-11 Ditmars Boulevard, Astoria, New York 11105, and has employed at least one employee covered by a collective bargaining agreement with Local 338.

11. Upon information and belief, Defendant Nadine Food Corp. d/b/a Trade Fair Supermarkets is a New York corporation that maintains and/or maintained its principal place of business at 30-12 30th Avenue, Astoria, New York 11102, operating a supermarket at 99-10 Astoria Boulevard, East Elmhurst, New York 11369, and has employed at least one employee covered by a collective bargaining agreement with Local 338.

12. Upon information and belief, Defendant Crescent Food Corp. d/b/a Trade Fair Supermarkets is a New York corporation that maintains and/or maintained its principal place of business at 30-12 30th Avenue, Astoria, New York 11102, operating a supermarket at 23-55 Broadway, Long Island City, New York 11106, and has employed at least one employee covered by a collective bargaining agreement with Local 338.

13. Upon information and belief, Defendant Ziad Food Corp. d/b/a Trade Fair

Supermarkets is a New York corporation that maintains and/or maintained its principal place of business at 30-12 30th Avenue, Astoria, New York 11102, operating a supermarket at 22-20 36th Avenue, Long Island City, New York 11106, and has employed at least one employee covered by a collective bargaining agreement with Local 338.

14. Upon information and belief, Defendant 89-02 Food Corp. d/b/a Trade Fair Supermarkets is a New York corporation that maintains and/or maintained its principal place of business at 30-12 30th Avenue, Astoria, New York 11102, operating a supermarket at 89-02 37th Avenue, Jackson Heights, New York 11372, and has employed at least one employee covered by a collective bargaining agreement with Local 338.

15. Upon information and belief, Defendant 130-10 Food Corp. d/b/a Trade Fair Supermarkets is a New York corporation that maintains and/or maintained its principal place of business at 30-12 30th Avenue, Astoria, New York 11102, operating a supermarket at 130-10 Metropolitan Avenue, Richmond Hill, New York 11418, and has employed at least one employee covered by a collective bargaining agreement with Local 338.

## BACKGROUND

A. Obligations Under CBA and Trust Agreements

16. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 15 as if the same were fully set forth herein.

17. At all times material hereto, each defendant has been a party to and bound by the CBA, covering the period from at least April 1, 2016 through October 31, 2019.

18. Under the CBA, each defendant bound itself to certain terms and conditions governing the employment of its employees and obligated itself to make contributions to the Funds on behalf of those employees covered by the CBA.

19. Under the CBA, all payments due from each defendant to the Local 338 Retirement Fund must be paid on or before the twentieth day of each month covering the amount owed for the preceding month. All payments due from each defendant to the Local 338 Annuity Fund must be paid on or before the twentieth day of each month covering the amount owed for that same month.

20. The Funds rely upon Defendants and other employers to make the proper contributions required by collective bargaining agreements in order to provide retirement and annuity benefits to the Funds' participants in accordance with the rules and regulations established by the Trustees of the Funds.

21. Defendants have failed to pay contributions to the Funds on behalf of some employees covered by the CBA.

22. At all times relevant to the allegations herein, Defendants were bound by the Trust Agreements.

23. The Trust Agreements and ERISA authorize the Trustees to bring actions to enforce an employer's obligations to make contributions in accordance with the terms and conditions established by the Trustees.

24. The Trust Agreements and ERISA authorize the Trustees to audit the books and records of participating employers.

25. The Trust Agreements and ERISA authorize the Trustees to collect unpaid contributions, plus interest on the contributions at the rate of one and one-half percent per month or eighteen percent (18%) per year from the date of the underpayment to the date that it is actually paid, plus the greater of additional interest or liquidated damages in the form of twenty percent (20%) of the unpaid contributions, plus auditing fees, attorneys' fees and costs.

26. The Trust Agreements authorize the Trustees to construe their provisions and the terms used therein and provide that any construction adopted by the Trustees in good faith is binding upon the signatory employer.

27. By letter dated August 6, 2019, the Funds sent Defendants an audit commencement letter demanding the following documents: (i) List of hire and terminations dates for all employees, (ii) NYS-45's ATT, (iii) Federal 941 Quarterly Reports, (iv) Payroll records, (v) Employee earnings records, (vi) Federal W-2 and 1099 forms, (vii) General ledger, and, (viii) Cash disbursements.

28. By letter dated September 5, 2019, counsel to the Funds demanded that Defendants produce their books and records for audit.

29. Defendants have failed to provide the necessary documents to permit the Funds to conduct an audit for at least the period from April 1, 2016 through October 31, 2019.

B. The Enterprise: Alter Egos and/or Single Employer

30. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 29 as if the same were fully set forth herein.

31. On information and belief, at all times relevant to this action, Defendants have been affiliated with each other, and have been part of a group of trades or businesses constituting a single employer sharing "common control" with each other, and/or are alter egos.

32. At all times relevant to this action, Defendants have been bound by an identical collective bargaining agreement with Local 338.

33. On information and belief, at all times relevant to this action, Defendants have shared common office space.

34. On information and belief, at all times relevant to this action, Defendants

7

have shared common management.

35. On information and belief, at all times relevant to this action, Defendants have shared ownership.

36. On information and belief, at all times relevant to this action, Defendants have been engaged in a common business enterprise.

37. On information and belief, at all times relevant to this action, Defendants have shared common operations.

38. On information and belief, at all times relevant to this action, Defendants have shared common supervision.

39. On information and belief, at all times relevant to this action, Defendants have shared a common business purpose.

40. On information and belief, at all times relevant to this action, Defendants have shared equipment.

41. On information and belief, at all times relevant to this action, employees of Defendants have shared similar working conditions.

42. On information and belief, at all times relevant to this action, employees of Defendants have shared similar job classifications.

43. On information and belief, at all times relevant to this action, employees of Defendants have shared similar skills and job functions.

44. On information and belief, at all times relevant to this action, employees of Defendants have performed similar services for customers.

45. On information and belief, at all times relevant to this action, Defendants have shared common hiring practices.

46. Based on these factors, at all times relevant to this action, Defendants have comprised one enterprise.

## FIRST CAUSE OF ACTION:
## FOR FAILURE TO SUBMIT BOOKS AND RECORDS FOR AUDIT

47. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 46 as if the same were fully set forth herein.

48. The refusal and failure of Defendants to provide the Trustees' auditors with their pertinent books and records violates the CBA and the Trust Agreements.

49. The refusal and failure of Defendants to provide the Trustees' auditors with pertinent books and records also violates Section 209(a) of ERISA, 29 U.S.C. § 1059(a), which requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." In addition, under ERISA Section 107, 29 U.S.C. § 1027, employers must make their "records available for an examination period of not less than six years."

50. The refusal and failure of Defendants to provide the Trustees' auditors with pertinent books and records in connection with their obligation to pay contributions to the Funds also violates Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

51. Pursuant to the Trust Agreements, in any action by the Trustees seeking the production of books and records by employers for audit purposes, the Trustees are entitled to "attorneys' fees and all costs and disbursements" connected with such action.

52. As a result of Defendants' conduct in violation of the Trust Agreements, the CBA, and ERISA, Plaintiffs are entitled to an Order (1) directing Defendants to present books and records to the Funds' auditors for examination and (2) awarding the Trustees all costs and disbursements of this suit, including, but not limited to, reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION: FOR UNPAID BENEFIT FUND CONTRIBUTIONS FOUND IN THE AUDIT

53. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 52 as if the same were fully set forth herein.

54. In the event that any defendant provides the Trustees' auditors with its books and records, and the audit reveals contributions due and owing, such contributions are due to Plaintiffs under the Trust Agreements, the CBA, and ERISA.

55. Any failure by a defendant to pay contributions in a timely manner injures the Funds by delaying the investment of contributions and causing the Funds to incur unnecessary administrative costs.

56. Any failure by a defendant to pay contributions to the Funds when due is a breach of the CBA and the Trust Agreements, and places such defendant in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

57. Pursuant to the Trust Agreements and Section 515 of ERISA, Defendants owe the Funds unpaid contributions found pursuant to an audit; plus interest at the rate of eighteen percent (18%) per annum on the contributions due and owing to the Trustees from the date due until the date actually paid; plus the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; plus costs and reasonable attorneys' fees.

10

58. As one enterprise, Defendants are jointly and severally liable for such amounts owed.

## THIRD CAUSE OF ACTION:
## FOR ESTIMATED CONTRIBUTIONS OWED FOR FAILURE TO MAINTAIN RECORDS

59. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 58 as if the same were fully set forth herein.

60. To the extent that any defendant fails to produce and/or claims it has not maintained books and records for any portion of the period sought to be audited, such defendant has violated the terms of the CBA and the Trust Agreements.

61. To the extent that any defendant fails to produce and/or claims it has not maintained books and records for any portion of the period sought to be audited, such defendant has also violated Sections 107, 209(a), and 515 of ERISA, 29 U.S.C. §§ 1027, 1059(a), and 1145.

62. To the extent that any defendant fails to produce and/or claims it has not maintained books and records for any portion of the period sought to be audited, the Trust Agreements set out formulas that Plaintiffs may utilize in order to estimate contributions owed by such a defendant.

63. Defendants are bound by the formulas in the Trust Agreements for estimating contributions.

64. In the alternative, to the extent that any defendant fails to produce and/or claims it has not maintained books and records for any portion of the period the Funds wish to audit, the Trust Agreements empower Plaintiffs to "take whatever proceedings may be proper and necessary in their discretion for enforcement of an Employer's obligations." Therefore, as

11

an alternative to the Trust Agreement formulas, Plaintiffs may reasonably estimate the approximate delinquent contributions owed by a defendant.

      65.    In addition, an employer that violates the record keeping duties of Sections 107 and 209(a) of ERISA, 29 U.S.C. §§ 1027, 1059(a), must accept a benefit plan's reasonable estimate of contributions owed.

      66.    Accordingly, Defendants owe the Funds unpaid contributions estimated pursuant to the formulas in the Trust Agreements, or alternatively estimated by some other reasonable means; plus interest at the rate of eighteen percent (18%) per annum on the contributions due and owing to the Trustees from the date due until the date actually paid; plus the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; plus costs and reasonable attorneys' fees.

      67.    As one enterprise, Defendants are jointly and severally liable for such amounts owed.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

      1.    On the First Cause of Action, that the Court order Defendants to present their books and records within thirty (30) days to the Funds' auditors for examination for the period of April 1, 2016 through October 31, 2019, including but not limited to: (i) List of hire and terminations dates for all employees, (ii) NYS-45's ATT, (iii) Federal 941 Quarterly Reports, (iv) Payroll records, (v) Employee earnings records, (vi) Federal W-2 and 1099 forms, (vii) General ledger, (viii) Cash disbursements; and, any other records specifically requested by the

Funds' auditors; and further order Defendants to pay all costs and disbursements incurred in this action, including reasonable attorneys' fees and auditors' fees; and that the Court award Plaintiffs such other and further equitable relief as this Court deems just and proper.

    2. On the Second Cause of Action, that the Court hold Defendants jointly and severally liable for payment to Plaintiffs of (a) the unpaid contributions found to be due and owing pursuant to audit of any defendant; (b) interest on the unpaid contributions at the rate of 18% per annum from the date due until the date actually paid; (c) the greater of liquidated damages equal to twenty (20%) percent of the unpaid contributions, or an amount equal to the pre-judgment interest described above; and (d) all costs and disbursements of this lawsuit, including, but not limited to, reasonable attorneys' fees and auditing fees; and that the Court award Plaintiffs such other and further equitable relief as this Court deems just and proper.

    3. On the Third Cause of Action, to the extent that any defendant fails to produce and/or claims it has not maintained books and records for any portion of the period sought to be audited, that the Court hold Defendants jointly and severally liable for payment to Plaintiffs of (a) the contributions calculated pursuant to the formulas set forth in the Trust Agreements and/or approximate contributions as determined by the auditors based on available evidence; (b) interest on the unpaid contributions at the rate of eighteen percent (18%) per annum from the date due until the date actually paid; (c) the greater of liquidated damages equal to twenty percent (20%) of the unpaid contributions, or an amount equal to the pre-judgment interest described above; and (d) all costs and disbursements of this lawsuit, including, but not

limited to, reasonable attorneys' fees and auditor's fees; and that the Court award Plaintiffs such other and further equitable relief as this Court deems just and proper.

Dated: May 21, 2020
       New York, New York

By: /s/
William Anspach

FRIEDMAN & ANSPACH
1500 Broadway, Suite 2300
New York, New York 10036
(212) 354-4500
wanspach@friedmananspach.com

Attorneys for Plaintiffs

4822-3231-0717, v. 1